UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KAREN TRACEY MOORE; KAREN TRACEY MOORE LLC,

                            Plaintiffs,

                       -against-

DEPARTMENT OF HOMELAND SECURITY; FEDERAL BUREAU OF INVESTIGATION,

                            Defendants.

25-CV-615 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity of citizenship jurisdiction, alleging that Defendants violated her rights. By order dated February 10, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Karen Tracey Moore filed this complaint against the Federal Bureau of Investigation ("FBI") and the Department of Homeland Security ("DHS"). The following facts are drawn from the complaint.[1]

Plaintiff identifies herself as disabled and black. (ECF 1 at 1.) She claims that Defendants have discriminated against her "for over 51 years routinely." (*Id.* at 2.) According to Plaintiff, some of the ways in which Defendants have discriminated against her include the following.

> I allege that the Department of Homeland Security staff members tried to make me look like a terrorist to hit on women from Norway. They have known since 2011 about devices in me from someone in a government agency, and to address it then, not after the Norwegians and I exchanged information in public in 2017.

(*Id.* at 3.)

> There are fiber optic cables in my eyes (Exhibits - CT scan – MUSC medical center - hospital) and there is a COM link device embedded in my bone structure inside of my head (Exhibits - CT scan – MUSC medical center - hospital). The bones harden in a person inside of their mother's womb at 15 to 18 weeks gestation. (Exhibits - Polygraphs). I allege they are from a military experiments done to me in the 1970s.

(*Id.*)

> The DHS heard from me in 2012 concerning devices inside of my body. I believe that the devices in my body had been used to control me for human trafficking, specifically a gun, remote detonating devices, and many gear train components that were used to get me to do things against my will.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

(*Id*.)

> Devices were put in me that allow me to be spied on since I was in my mothers womb, both visually and audibly. From 1973 to 2024 I have been spyware for the United States government against my will. (Moore v DARPA). The devices include an incendiary phosphorus hand grenade and a possible M67 explosive hand grenade. The explosive I allege is to protect an ARPANET transceiver in my body that transmits the US internet today as a logical entrance point. (Exhibits).

(*Id.* at 6.)

Plaintiff alleges that Defendants conspired to violate her constitutional rights, in violation of 42 U.S.C. 1985(3), and also violated federal criminal statutes. (*Id.* at 1-2.) The complaint sets forth 22 causes of action, including "unlawful electronic interception," trafficking, forced labor, attempted murder, kidnaping, false imprisonment, terrorism, attempted murder, "right to fair housing," and "hate crime." (*Id.* at 9-29.) Plaintiff seeks the following relief: the dismissal of criminal charges pending against her "in any state . . . if they exist"; multiple investigations into these matters; and $125 million in damages. (*Id.* at 29-31.)

After Plaintiff filed this complaint she filed a motion for declaratory relief; a motion for permission to participate in electronic case filing; a supplemental pleading that reiterates the same factual allegations and contains attachments allegedly showing objects inside her body that Defendants allegedly placed there;[2] a motion for a temporary restraining order; an application for the court to request counsel; and a motion to recuse and two supporting affidavits (ECF 3, 5-6, 8-13.)

---

[2] The Court considered this submission as a supplemental pleading.

3

## DISCUSSION

**A.     Sovereign immunity**

The Court must dismiss Plaintiff's claims against Defendants under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including suits against any agency of the federal government, such as the FBI, DHS, and CISA, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Plaintiff alleges no facts or legal provisions that suggest that the doctrine of sovereign immunity has been waived with respect to her claims against the federal agencies named as defendants in this action. The Court therefore dismisses Plaintiff's claims against Defendants under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**B.     Plaintiff's claims are frivolous**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25

(1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint is premised upon her belief that belief that the FBI, DHS, and CISA engaged in a campaign of harassment against her since before she was born, conspired to place devices inside her body for the purpose of trafficking her, and "tried to make [her] look like a terrorist." (ECF 1 at 3-6.)

However, a "[p]laintiff's beliefs − however strongly [she] may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her assertions that she was the victim of a decades-long government conspiracy. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

The Court finds that Plaintiff does not provide any plausible factual support for her claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the court with a narrative full of details of what she believes − that Defendants have conspired to deprive her of her federally protected rights. Despite all of the details provided, Plaintiff has pleaded no factual predicate in support of her assertions. Plaintiff's allegations

amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

C.   **Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188, 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**CONCLUSION**

The Court dismisses this action for lack of subject matter jurisdiction and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); Fed. R. Civ. P. 12(h)(3). The Clerk of Court is directed to terminate all pending motions as moot.

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   June 25, 2025
         New York, New York

                                                    _____Louis L. Stanton_____
                                                            Louis L. Stanton
                                                                U.S.D.J.